Filed 1/25/24  P. v. Raynoha CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082107 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD173300) |
| DAVID A. RAYNOHA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2005, David Raynoha pleaded guilty to one count of second degree murder (Pen. Code,[1] § 187, subd. (a)).  He was sentenced to an indeterminate term of 15 years to life in prison.

---

[1]  All further statutory references are to the Penal Code.

In 2020, Raynoha filed a petition for resentencing under section 1172.6. The court appointed counsel, reviewed the record of conviction, received briefing, and held a hearing. The court concluded Raynoha was not eligible for relief under the statute and denied the petition without issuing an order to show cause or holding an evidentiary hearing.

Raynoha appealed and this court reversed the trial court's decision in an unpublished opinion and remanded the case with directions to issue an order to show cause and hold an evidentiary hearing. (*People v. Raynoha* (D078748, April 19, 2022).)

On remand, the court held a contested evidentiary hearing. At the conclusion of the hearing, the court found beyond a reasonable doubt that the prosecution proved Raynoha was guilty of murder under the current state of the law. As such, the court concluded Raynoha was a major participant who acted with reckless disregard for human life. The court denied the petition.

Raynoha filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious, or arguable issues for reversal on appeal. Counsel contends this appeal should not be limited to the review process of *Delgadillo*, since it follows an evidentiary hearing. Instead, counsel argues we should independently review the record for error as establish by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel invites the court to distinguish this case from *Delgadillo*. We decline the invitation to discuss the scope of the court's opinion in *Delgadillo*. In that case the court authorized appellate courts to exercise their discretion to conduct a *Wende* review where the court's find it appropriate. We have elected to exercise our discretion to independently review the record following the guidelines

2

established in *Wende*. Further discussion of the scope of *Delgadillo*'s review is not necessary.

We offered Raynoha the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

In our prior opinion we included a summary of the facts of the underlying offenses committed in this case. We will include that summary here:

Raynoha planned with James Torkelson, Max Anderson, and Jeffrey Young to commit a robbery at the Five Star Shuttle & Fly. On the evening of July 17, 1999, Anderson drove his truck with Raynoha, Torkelson, and Young riding as passengers to conduct reconnaissance and execute the robbery.

On the morning of July 18, 1999, Raynoha was armed with a 9-millimeter gun to commit the robbery. Anderson had two 9-millimeter guns and Young a .38 caliber weapon. The three men followed Torkelson and met at the parking lot. Raynoha, Anderson, and Young laid down in the back of Torkelson's Toyota 4-Runner as Torkelson drove into the parking lot.

As instructed by Torkelson, Raynoha was armed as he encountered the security guard and took him down to the ground while Anderson and Young entered the office trailer to take money from the safe. Anderson and Young ordered the persons inside the trailer to get down on the ground. Teresa P. came out of the bathroom; Raynoha intercepted her and sent her into the office trailer. When Teresa opened the door, Raynoha saw Anderson in the far room and Young standing by the door. Young got Teresa down on the

3

floor, the door closed, and Raynoha heard gunshots fired. Raynoha later learned that Young shot Teresa and Anderson shot a male victim.[2]

Raynoha was outside holding the security guard on the ground when the shootings occurred. Raynoha saw a van driving in the parking lot, and he hid behind a booth. Young and Anderson exited the trailer, saw the van, and started shooting at it. Raynoha went around the booth and began shooting at the van.

After the van drove away, Raynoha, Anderson, and Young ran towards a parked car that Torkelson had told them was supposed to belong to the man in the trailer who always parked in that space. Anderson went to the driver's side door, and Young to the left rear door to try to enter the car. Raynoha became impatient, shot the front passenger window, opened the door, and unlocked the doors for the others to enter. The keys they took from the man did not work, so everybody got out of the car and started running.

Young was in the lead, followed by Anderson, and then Raynoha. Anderson yelled that he dropped his gun. Raynoha stopped and returned to retrieve the gun. He then fired three rounds over the trailer to make sure that any persons inside the trailer would stay down and not use the telephone.

Raynoha held the gun he picked up as he continued to run. He caught up to Anderson and gave him the gun. As they crossed the street, Raynoha saw headlights and he ran towards the driver's side of the car. Raynoha saw a man standing at the back of the car. Raynoha lifted his gun and told the man to get away from the car. The man turned around and said, "Take it." Raynoha entered the driver's side and he saw another man standing nearby.

---

2    Teresa was the murder victim in count 1, and Jack R. the murder victim in count 2.

4

Anderson stood by the passenger's side of the car, aimed his gun at one of the men, and told Raynoha to open the door. Raynoha opened the passenger door, and Anderson entered the car. "Basically, [Raynoha] carjacked whose ever car it was."

Raynoha drove the car up a hill where Young was running on the center of the road. Raynoha stopped the car, and Young turned around and entered in the backseat area of the car. Raynoha drove the car towards the area where Torkelson's truck was parked as the get-away vehicle.

After reaching Torkelson's truck, Raynoha, Anderson, and Young entered the truck, and they drove away from the scene. They drove the truck and parked it outside of Torkelson's home in the Tierrasanta area of San Diego where they split the money. They put Torkelson's share inside a box and left it at the front yard of the residence.

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo* and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue which was considered in evaluating the potential merits of this opinion: Whether there is sufficient evidence in the record to support the trial court's finding that Raynoha acted with reckless indifference to life.

We have exercised our discretion to independently review the record for error consistent with the process mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Raynoha on this appeal.

DISPOSITION

The order denying Raynoha's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

6